UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X,
LESTER PAUL HALPER,

                            Plaintiff,                    **ORDER**
                -against-                                  CV 05-866 (LDW)(ARL)

OYSTER BAY-EAST NORWICH CENTRAL
SCHOOL DISTRICT, et al.,

                            Defendants.
----------------------------------------------------------------X

**Lindsay, Magistrate Judge:**

      Before the court is the plaintiff's August 18, 2005 letter application seeking to compel several responses to his document requests served on the defendants on May 31, 2005. The plaintiff also seeks an order imposing sanctions on the defendants for their failure to provide adequate responses to his requests and for refusing to schedule depositions. The defendants oppose the application by letter dated August 23, 2005 and cross move to compel more complete responses to the their requests and to compel the plaintiff to appear for a deposition. For the reasons set forth below, both applications are granted, in part.

      This is an action pursuant to 42 U.S.C.§ 1983, the Federal Rehabilitation Act, the American with Disabilities Act and various New York State laws. The plaintiff, Lester Halper, is an accountant for the defendant school district. Mr. Halper suffers from muscular dystrophy and claims that the defendants have violated his civil rights and discriminated and retaliated against him on the basis of his disability. The plaintiff contends, in the instant application, that the defendants have refused to provide him with information that is highly relevant to these claims. The defendants similarly contend that the plaintiff has not provided them with adequate automatic disclosure or complete responses to their document requests.

      The threshold requirement of discoverability is whether the information sought is

"relevant to the subject matter involved in the action. . . ." Fed. R. Civ. P. 26 (b) (1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In practice, the standard is broadly applied in order to allow the parties access to important facts. There are, however, limits. The Federal Rules recognize, for example, that discovery may be limited when the benefits to be obtained are outweighed by the burdens and expenses involved, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26 (b) (2). With these standards in mind, the court addresses the various discovery issues in dispute.

Nothwithstanding the defendants boilerplate objections, the defendants referred the plaintiff to the documents they produced as automatic disclosure with respect to request nos. 3, 5, 6, 7, 10, 11, 12, 13, 19, 22, 27, 28, 29, 30, and 31. In addition, the defendant has agreed to search for additional documents responsive to all of the requests with the exception of request numbers 9, 10, 16-18, and 39-40. Accordingly, the plaintiff's application with respect document nos. 3-5, 6-7, 11-15, 19-20, 22-25, and 27-33 is denied as moot. The defendant is directed to search its records and produce any additional responsive documents to the plaintiff by September 16, 2005. In addition, to the extent they have not done so, the defendants shall specify the documents produced in automatic disclosure that they claim are responsive to the plaintiff's requests. With regard to request numbered 9, the court finds this request to be overly broad. The plaintiff should certainly be able to identify with greater specificity what materials he seeks from his own hard drive. It appears from the defendants' responses that hard copies responsive to request numbered 10 have already been provided. The defendants are directed to provide an electronic copy of this

material. With respect to requests numbered 16-18, to the extent that plaintiff seeks the entire personnel file of each defendant to determine whether they are state actors that request is denied. Defendant may resolve this issue by stipulation if necessary. To the extent plaintiff seeks the personnel file of defendant Copel to determine if she was negligently hired or supervised, these issues have no apparent relevance except to the extent reflected in requests numbered 39 and 40. Accordingly defendants' objections to requests numbered 16-18 are sustained at this time. Defendants' objections to requests numbered 39 and 40 are without merit. Given the liberal discovery standard noted above, plaintiff is entitled to the documents sought. To the extent that defendants are concerned about the disclosure of confidential District files, the court will enter a confidentiality order upon submission from the parties. The plaintiff's application for sanctions is denied.

Turning to the defendants' cross-motion, the court notes that the plaintiff has not submitted opposition. Defendants seek an order compelling the plaintiff to provide copies of any documents concerning communications between the plaintiff and defendant Harriet Copel. Given that the plaintiff has agreed to produce such documents, (see plaintiff's June 29, 2005 letter to defendants, annexed to defendants' August 23, 2005 letter as Ex. B), the application is denied as moot. Plaintiff is directed to provide these documents to defendants by September 16, 2005. Defendants also seek an order compelling the plaintiff to produce copies of correspondence to/from legislators or the attorney general's office regarding any of the claims at issue in this litigation. Plaintiff has objected to such production by its June 29, 2005 letter to defendants, explaining that he believes that defendants' request for such documents will not "lead to any documents that are relevant to the claims asserted in the complaint or to documents that will be used in support of plaintiff's claims." (Id.). The court disagrees. Given that

defendants' request is limited to correspondence regarding any of the claims at issue in this litigation, such documents are relevant. Thus, plaintiff is directed to produce any such correspondence by September 16, 2005. Defendants also seek an order compelling supplemental responses to interrogatories numbered 1, 2 , 4 , 6 and 10 and document requests numbered 5 and 9. Plaintiff's response to interrogatories numbered 1, 2 and 6 are inadequate. Plaintiff shall provide a supplemental response to interrogatories numbered 1 and 2 including the amount of damages alleged to date and the calculations thereof by September 16, 2005. Plaintiff's objection to interrogatory number 6 is overruled. Plaintiff's claim for damages for "stress, mental anguish and deterioration of health" have opened the door for this disclosure. (See Compl. at ¶ 144). Accordingly, plaintiff shall provide authorizations for the release of his pharmaceutical records by September 16, 2005. With regard to document requests numbered 5 and 9, the court finds that plaintiff's response to request number 9 is inadequate. Plaintiff shall produce all responsive documents by September 16, 2005. Plaintiff's objection to request number 5 is sustained. While it is well-settled that "tax returns in the possession of the tax payer are not immune to civil discovery," courts are cautious in ordering their production and have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance and (2) compelling need because the information is not otherwise readily available. See, e.g., St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S. Ct. 289, 295, 96 (1961); Hamm v. Potamkin, No. 98 Civ. 7425 (RWS), 1999 WL 249721 at *2 (S.D.N.Y. April 28, 1995) (citing SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985 (additional citations omitted)). Applying this standard, the defendants have not provided any basis for the production of plaintiff's state and federal tax returns for the time period sought.

Finally, defendants' motion to compel the deposition of the plaintiff is denied. The law is

clear that there is no priority of depositions in federal court. See Fed. R. Civ. P. 26(d); <u>Fernandez v. Calvary Mennonite Church</u>, No. 95 CIV. 09001996 WL 197711 (S.D.N.Y. April 32, 1996) ("The federal courts do not provide either party with priority on depositions."). With this rule in mind, the parties are directed to meet and confer in an attempt to resolve this issue without judicial intervention.

Dated: Central Islip, New York
       August 31, 2005

**SO ORDERED:**

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge