UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X,
LESTER PAUL HALPER,

                 Plaintiff,                          **ORDER**

        -against-                                 CV 05-866 (LDW)(ARL)

OYSTER BAY-EAST NORWICH CENTRAL
SCHOOL DISTRICT, et al.,

                 Defendants.
-------------------------------------------------------------------X

**Lindsay, Magistrate Judge:**

      Before the court is the defendants' letter application dated December 16, 2005, seeking to

compel the plaintiff to appear for a deposition for an additional two to three hours to answer

questions concerning three binders of original documents provided to the defendants on

December 14, 2005, the morning of the plaintiff's continued deposition.  The plaintiff opposes

the application by letter dated December 21, 2005.  As threshold matter, the court notes that this

application should be denied as untimely. Neither party has explained why they waited to take the

plaintiff's deposition until two days before the discovery deadline, leaving no time for an

application of this nature.  However, given the importance of the issue and the fact that both

parties appear to have contributed to the delay, the court will address the application.

      Copies of the documents in question were produced by the plaintiff as part of his

automatic disclosure.  Nonetheless, the defendants requested an opportunity to inspect the

original documents.  In response to the defendants' request, the parties agreed that the original

documents would be produced on the morning of December 14, 2005, and thereafter, the plaintiff

at a continued deposition would authenticate the original documents.  Although the documents

were produced and the plaintiff did appear for a deposition, the defendants now argue that when

their counsel attempted to question the plaintiff about the documents, the plaintiff was directed

not to answer.  The defendants also argue that many breaks were taken because of the plaintiff's medical condition.  The plaintiff contends, in his opposition, that he did not need to take any breaks and it was counsel for the defendants' conduct that delayed the deposition and required his counsel's intervention.

Although the court has only reviewed a few pages of the transcript, namely those annexed to the plaintiff's opposition, the court agrees that counsel for the defendants' conduct was inappropriate and may have contributed to the decline of the proceedings.  During the deposition defense counsel saw fit to express his personal views on the veracity of the plaintiff, repeatedly made sarcastic comments in response to answers which were given, and apparently raised his voice to the point that he had to be cautioned about yelling at the witness.  Counsel is advised that such conduct during a deposition is highly inappropriate and if repeated will likely lead to sanctions.   Nonetheless, the court believes that the defendants are entitled to have the documents authenticated.  Accordingly, on or before January 6, 2006, counsel for the parties shall meet to compare the copies with the originals and, to the extent possible, stipulate as to the authenticity of the documents.  In addition, by January 6, 2006, the plaintiff shall provide the defendants with a privilege log regarding any documents he is withholding on the basis of privilege, including those documents contained in the fourth binder.  Once counsel for the parties has done so they may, if necessary,  renew the request for a continued deposition of plaintiff limited solely to any documents which remain at issue.  Said application to be made by January 12, 2006.

The deadline for all discovery shall be extended for the limited purpose set forth in this order.  Any party planning on making a dispositive motion shall take the first step in the motion process by February 3, 2006.  The final conference scheduled for January 4, 2006 is adjourned to

February 8, 2006 at 11:00 a.m. The parties are directed to electronically file the proposed joint

pretrial order prior to the conference. No further adjournments will be granted.

Dated:  Central Islip, New York
          December 23, 2005

**SO ORDERED:**

/s/

_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge